# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39479 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Brian S. ARNOLD**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 18 March 2021

———————————

*Military Judge:* Christina M. Jimenez.

*Approved sentence:* Bad-conduct discharge, confinement for 20 months, and reduction to E-1. Sentence adjudged 20 March 2018 by GCM convened at Joint Base Charleston, South Carolina.

*For Appellant:* Major David A Schiavone, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Brian E. Flanagan, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Chief Judge J. JOHNSON delivered the opinion of the court, in which Judge KEY joined. Senior Judge POSCH filed a separate opinion concurring in the result.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

J. JOHNSON, Chief Judge:

Appellant's case is before this court for the second time. A general court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of wrongful possession of child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 20 months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Upon our initial review, Appellant—a reservist—raised three issues: (1) whether the court-martial lacked jurisdiction to impose confinement on Appellant because his recall to active duty for trial was not properly authorized by the Secretary of the Air Force; (2) whether Appellant's conviction violated the Fifth Amendment's[2] Double Jeopardy Clause; and (3) whether Appellant was entitled to new post-trial processing due to errors in the post-trial process. We resolved the first two issues against Appellant, but we found that post-trial errors required new post-trial processing and action. *United States v. Arnold*, No. ACM 39479, 2019 CCA LEXIS 458 (A.F. Ct. Crim. App. 18 Nov. 2019) (unpub. op.). Accordingly, we set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand to the convening authority. *Id.* at *26–27. On remand, after receiving a new clemency submission from Appellant, the convening authority again approved the adjudged sentence.

Upon further review by this court, Appellant raises a single issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): whether the convening authority erred when he approved Appellant's sentence to confinement when Appellant was improperly recalled to active duty for his court-martial and was never placed on active duty orders to serve his confinement. In our prior opinion, we determined that any noncompliance with Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (6 Jun. 2013, as amended by AFGM 2016-01, 3 Aug. 2016), in Appellant's recall to active duty for purposes of his trial by general court-martial was without jurisdictional effect, and we find no cause to revisit those determinations. *See Arnold*, unpub. op. at *11–17. However, the essence of Appellant's present argument is that the order recalling him to active duty for his trial effective 16 March 2018 specified "[t]he duration of this period of active duty is not to exceed 21 March 2018," and Appellant has asserted "to [his] knowledge [he] was never put on active duty orders for the duration of his confinement." *See* R.C.M. 204(b)(1). Therefore, he

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] U.S. CONST. amend. V.

reasons, the convening authority lacked jurisdiction to approve his sentence to confinement.

However, whatever the merits of Appellant's legal reasoning, the factual premise for Appellant's argument is flawed. As the Government observes, the record of trial contains an additional order by direction of the Secretary of the Air Force and the convening authority, effective 21 March 2018, documenting Appellant's recall to active duty for a period not to extend past 16 November 2019 for the purpose of serving military confinement. *See* 10 U.S.C. §§ 802(a)(7), (d)(5). This period reflects the 20 months of confinement to which Appellant was sentenced, less the four days of confinement credit the military judge awarded him for illegal pretrial confinement. Appellant has not challenged the authenticity of this order or otherwise replied to the Government's answer which specifically highlighted this order and its effect. Therefore, we conclude Appellant's contention is without foundation or merit.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

POSCH, Senior Judge (concurring in the result):

Appellant maintains the argument from his first appeal that the court-martial lacked jurisdiction to sentence him to confinement. Because the Secretary of the Air Force approved Appellant's recall, the jurisdictional requirements of Article 2(d), UCMJ, 10 U.S.C. § 802(d), were met, and we resolved that Appellant could be lawfully sentenced to confinement. *United States v. Arnold*, No. ACM 39479, 2019 CCA LEXIS 458, at *17 (A.F. Ct. Crim. App. 18 Nov. 2019) (unpub. op.).

Appellant again complains he was improperly recalled to active duty for his court-martial, and for the first time claims he was not placed on active duty orders to serve his confinement. Because Appellant has failed to demonstrate either good cause for his failure to raise this issue previously, or that manifest injustice would result if we did not now consider it, I adopt the reasoning of the United States Navy-Marine Corps Court of Criminal Appeals in *United States*

*v. Chaffin*, No. 200500513, 2008 CCA LEXIS 94, at *3–9 (N.M. Ct. Crim. App. 20 Mar. 2008) (unpub. op.), and find Appellant has waived this issue.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court